1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHARLES HENRY BELL,                    No.  2:17-cv-1195-KJN

12                   Plaintiff,

13          v.                               ORDER

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                     Defendant.
16

17

18          Plaintiff Charles Bell seeks judicial review of a final decision by the Commissioner of

19    Social Security ("Commissioner") holding that plaintiff was not disabled for purposes of

20    receiving Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1]

21    Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a

22    cross-motion for summary judgment.  (ECF Nos. 13, 17.)  Thereafter, plaintiff also filed a reply

23    brief.  (ECF No. 18.)  For the reasons discussed below, the court DENIES plaintiff's motion for

24    summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and

25    AFFIRMS the Commissioner's final decision.

26

27    [1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties
      voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF
28    Nos. 7, 8.)

                                                  1

1    I.      BACKGROUND

2           Plaintiff was born on March 21, 1950; has a twelfth-grade education; can communicate in

3    English; and previously worked as a mental health counselor.  (Administrative Transcript ("AT")

4    182, 198, 200-01.)[2]  On August 18, 2013, plaintiff filed an application for DIB, alleging that he

5    was unable to work as of October 12, 2012, due to an aneurysm, lower back problems, leg

6    problems, poor blood circulation in the left leg, feet problems, arthritis in the left and right wrist,

7    high blood pressure, an enlarged heart, high cholesterol, and poor short-term memory.  (AT 26,

8    182, 199.)  After plaintiff's application was denied initially and on reconsideration, plaintiff

9    requested a hearing before an administrative law judge ("ALJ"), which took place on September

10   9, 2015, and at which plaintiff, appearing without counsel, and a vocational expert ("VE")

11   testified.  (AT 26, 38-84.)  The ALJ subsequently issued a decision dated December 22, 2015,

12   determining that plaintiff had not been disabled, as defined in the Act, from October 12, 2012,

13   plaintiff's alleged disability onset date, through the date of the ALJ's decision.  (AT 26-33.)  The

14   ALJ's decision became the final decision of the Commissioner when the Appeals Council denied

15   plaintiff's request for review on April 6, 2017.  (AT 1-6.)  Plaintiff subsequently filed this action

16   on June 7, 2017, to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

17   II.     ISSUES PRESENTED

18          On appeal, plaintiff raises the following issues: whether the ALJ failed to (1) consider the

19   impact of using a cane on plaintiff's ability to lift; (2) enunciate the frequency and duration of

20   plaintiff's required breaks; and (3) consider plaintiff's subjective complaints of pain.

21   III.    LEGAL STANDARD

22          The court reviews the Commissioner's decision to determine whether (1) it is based on

23   proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

24   as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

25

26   [2] Because the parties are familiar with the factual background of this case, including plaintiff's
     medical and mental health history, the court does not exhaustively relate those facts in this order.
27   The facts related to plaintiff's impairments and treatment will be addressed insofar as they are
     relevant to the issues presented by the parties' respective motions.
28

                                                    2

evidence is more than a mere scintilla, but less than a preponderance. <u>Connett v. Barnhart</u>, 340

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th

Cir. 2007), quoting <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

responsible for determining credibility, resolving conflicts in medical testimony, and resolving

ambiguities." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The

court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

interpretation." <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.     <u>DISCUSSION</u>

<u>Summary of the ALJ's Findings</u>

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard

five-step analytical framework.[3] As an initial matter, the ALJ found that plaintiff met the insured

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social
Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled
persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as
an "inability to engage in any substantial gainful activity" due to "a medically determinable
physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel
five-step sequential evaluation governs eligibility for benefits under both programs. <u>See</u> 20
C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-
42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the
claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step
three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or
equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the
claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the
claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any
other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

status requirements of the Act for purposes of DIB through December 31, 2015. (AT 28.) At the first step, the ALJ concluded that plaintiff had engaged in substantial gainful activity since October 12, 2012, plaintiff's alleged disability onset date, but nonetheless proceeded through the sequential evaluation process. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments: osteoarthritis of the right hip, degenerative joint disease of bilateral first CMC joints, and lumbar radiculopathy. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 29.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). In particular, the claimant is able to lift/carry 20 pounds occasionally and 10 pounds frequently. He is able to stand and/or walk with breaks up to four hours in an eight-hour workday. Sitting no limitation but with breaks could go to six hours. He is medically necessary to use a cane for long distances, on even or uneven terrain. He can frequently climb stairs, stoop and crawl. He is able to frequently finger and feel. [*typing errors in original*]

(AT 29.) At step four, the ALJ determined, based on the VE's testimony, that plaintiff was capable of performing past relevant work as a case aid. (AT 32.) In the alternative, at step five, the ALJ found that, in light of plaintiff's age, education, work experience, RFC, and the VE's testimony, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. (AT 32-33.) Consequently, the ALJ concluded that plaintiff had not been disabled, as defined in the Act, from October 12, 2012, plaintiff's alleged disability onset date, through December 22, 2015, the date of the ALJ's decision. (AT 33.)

////

////

---

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

<u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

*Whether the ALJ failed to consider the impact of using a cane on plaintiff's ability to lift*

Plaintiff first posits that the ALJ failed to consider additional limitations that may result from plaintiff's use of a cane, such as further limitations on plaintiff's ability to lift and carry items while using a cane. That argument lacks merit.

The ALJ found that plaintiff had to use a cane for long distances, on even or uneven terrain. (AT 29.) That finding was substantially based on the opinion of consultative examiner Dr. Jonathan Schwartz, who indicated that plaintiff's use of a cane was "medically necessary based upon objective examination findings, for long distances and all terrain." (AT 576.)[4] Dr. Schwartz found that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, and did not assess any additional limitations attributable to plaintiff's use of a cane. (<u>Id.</u>) In turn, the VE testified that, based on plaintiff's RFC (which included plaintiff's need to use a cane for long distances on all terrain), plaintiff was capable of performing his prior work as a case aid. (AT 32, 75-76.) Notably, the Dictionary of Occupation Titles ("DOT") does not show that the case aid position would require plaintiff to lift and carry objects with both of his hands. <u>See</u> DOT 195.367-010 (case aide), 1991 WL 671595. As the Commissioner points out, there is no evidence that plaintiff could not use one hand to lift or carry, and plaintiff is only required to use a cane for long distances in any event. (ECF No. 17 at 8-9.)

Thus, plaintiff's suggestion of additional limitations based on use of a cane is speculative and unsupported by the record, and essentially amounts to an improper attempt by a layperson to play medical and vocational expert.

*Whether the ALJ failed to enunciate the frequency and duration of plaintiff's required breaks*

Plaintiff's contention that the ALJ improperly failed to specify the frequency and duration

---

[4] On appeal, plaintiff does not challenge the ALJ's evaluation of the medical opinion evidence through any substantive briefing or argument. Thus, any such issue is waived. <u>See</u> <u>Carmickle v. Comm'r</u>, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

of breaks in the RFC is likewise without merit. As noted above, the ALJ found that plaintiff

could stand and/or walk with breaks up to four hours and sit with breaks up to six hours in an

eight-hour workday. (AT 29.) Normal work breaks consist of a morning break, a lunch period,

and an afternoon break at approximately 2-hour intervals. See SSR 96-9p, 1996 WL 374185, at

*6. When a claimant's need to alternate sitting and standing cannot be accommodated by the

normal work breaks, an RFC assessment "must be specific as to the frequency of the individual's

need to alternate sitting and standing." Id. at *7. Here, the ALJ did not assess a sit-stand option,

or specifically find that more frequent breaks or alternation between sitting/standing/walking

were necessary. As such, the ALJ's reference to breaks was clearly to the normal work breaks as

defined in SSR 96-9p. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) ("As a

reviewing court, we are not deprived of our faculties for drawing specific and legitimate

inferences from the ALJ's opinion.").

*Whether the ALJ failed to consider plaintiff's subjective complaints of pain*

Finally, plaintiff's argument that the ALJ failed to consider plaintiff's subjective

complaints of pain is unpersuasive. Here, the ALJ specifically discussed plaintiff's allegations of

pain and related limitations, but found plaintiff's testimony not fully credible. (AT 30-31.)

In Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit Court of

Appeals summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective
> pain or symptoms is credible, an ALJ must engage in a two-step
> analysis. First, the ALJ must determine whether the claimant has
> presented objective medical evidence of an underlying impairment
> which could reasonably be expected to produce the pain or other
> symptoms alleged. The claimant, however, need not show that her
> impairment could reasonably be expected to cause the severity of the
> symptom she has alleged; she need only show that it could
> reasonably have caused some degree of the symptom. Thus, the ALJ
> may not reject subjective symptom testimony . . . simply because
> there is no showing that the impairment can reasonably produce the
> degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence
> of malingering, the ALJ can reject the claimant's testimony about the
> severity of her symptoms only by offering specific, clear and
> convincing reasons for doing so. . . .

Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted). "At the same time, the

6

1    ALJ is not required to believe every allegation of disabling pain, or else disability benefits would

2    be available for the asking...." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

3         "The ALJ must specifically identify what testimony is credible and what testimony

4    undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685,

5    693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

6    1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the

7    "'[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or

8    between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and

9    testimony from physicians and third parties concerning the nature, severity, and effect of the

10   symptoms of which [claimant] complains.'" Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.

11   2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.

12   1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the

13   court "may not engage in second-guessing." Id. at 959.

14        In this case, the ALJ found that plaintiff had presented objective medical evidence of an

15   underlying impairment which could reasonably be expected to produce the pain or other

16   symptoms alleged. (AT 30.) Additionally, the ALJ did not make an affirmative finding of

17   malingering. Nevertheless, the ALJ then proceeded to provide specific, clear, and convincing

18   reasons for discounting plaintiff's credibility regarding the degree of his symptoms. (AT 30-31.)

19        The ALJ reasonably noted that plaintiff's allegations regarding the disabling degree of his

20   pain and limitations were inconsistent with the relatively modest clinical findings and

21   conservative routine care plaintiff received. (AT 30.) See Parra v. Astrue, 481 F.3d 742, 751 (9th

22   Cir. 2007) ("We have previously indicated that evidence of conservative treatment is sufficient to

23   discount a claimant's testimony regarding severity of an impairment"). It was also plainly proper

24   for the ALJ to consider that the "majority of medical opinions in the record," including the

25   opinions of consultative examiner Dr. Schwartz and the state agency physicians, "show that the

26   claimant has considerable work-related abilities despite his impairments." (AT 31.) Finally, the

27   ALJ rationally relied on plaintiff's work history to discount plaintiff's credibility. (AT 30-31.)

28   As the ALJ observed, plaintiff stopped working in June 2013, several months after his alleged

disability onset date of October 12, 2012, due to a business-related layoff rather than because of the allegedly disabling impairments. (AT 28, 30, 46-48, 52-53.) Even though plaintiff claimed at the administrative hearing that he became disabled because of his medical condition in October 2013, the ALJ noted that there was no evidence of a significant deterioration in plaintiff's medical condition since plaintiff's layoff in June 2013. (AT 28, 30.) The ALJ thus reasonably inferred that plaintiff's medical condition would not prevent performance of his past work, because plaintiff was performing that job adequately at the time of his layoff despite existence of that medical condition. (AT 31.)

In sum, the ALJ's credibility evaluation is supported by the record and by the proper analysis.[5]

V.      CONCLUSION

For the foregoing reasons, the court concludes that the ALJ's decision is free from prejudicial error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for summary judgment (ECF No. 13) is DENIED.

2.      The Commissioner's cross-motion for summary judgment (ECF No. 17) is GRANTED.

3.      The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4.      The Clerk of Court shall close this case.

Dated: August 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5] For the first time in his reply brief, plaintiff also contends that the ALJ failed to properly evaluate the side effects from plaintiff's medications. Because that new issue was not raised in plaintiff's opening brief, and the Commissioner has not had an opportunity to respond, the argument is waived. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("on appeal, arguments not raised by a party in its opening brief are deemed waived").